IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SILVIA IBIETA, | § | |
| | § | |
| *Plaintiff*, | § | 5-19-CV-00389-FB-RBF |
| | § | |
| vs. | § | |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

One hundred and twelve days after the District Court dismissed this case with prejudice due to Plaintiff Silvia Ibieta's failure to cure pleading deficiencies outlined in a previous Order of the Court, Ibieta moves for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). Ibieta, through counsel Christopher M. Chenault of The Law Office of Thomas J. Henry, also seeks sanctions against Defendant Allstate Fire and Casualty Insurance and its counsel, accusing them of engaging in fraud and unethical behavior. As discussed further below, Ibieta's Motion for Relief from Judgment, Dkt. No. 10, and Motion for Sanctions, Dkt. No. 18, should both be **DENIED**.

\* \* \*

Before turning to the matters at hand, I pause to highlight counsel for Ibieta's behavior in this case. As will be discussed later, Ibieta was originally represented by two lawyers at The Law Office of Thomas J. Henry in this matter. A third lawyer at the firm recently filed an appearance but there's no reason to discuss him at present. One of the original two lawyers is the firm's

namesake Thomas J. Henry, whose name and Texas bar number appear in the signature block of the original state court petition. The firm's name appears at the very top of the signature block, indicating that the firm represents Ibieta. Henry also appears on this Court's docket, as would be expected. The second original lawyer for Ibieta at the same firm is the aforementioned Chenault.

Henry and Chenault appear to have done nothing in this case following its removal to federal court, until recently. Henry did, however, previously register as a CM/ECF user and gain admission to practice in the Western District of Texas. As a result, Ibieta's law firm—through registered-user Henry—received at Henry's registered CM/ECF email address *every single notification* on the docket (except the one for the notice of removal). That fact should be kept in mind as Chenault's somewhat wild accusations of fraud and unethical behavior are discussed later.

Chenault personally received notice of the removal (as did the firm) yet he

(1)     didn't seek leave to appear *pro hac vice* until seven months after the case's removal;

(2)     didn't seek admission to practice in the Western District of Texas until nine months after removal and a month after the District Court denied his *pro hac vice* application, despite having been instructed to do so in an earlier filed case;

(3)     never registered to receive CM/ECF notices;

(4)     failed to ensure that he would receive written correspondence from the Court;

(5)     never received or responded to a motion to dismiss and ensuing Court Order; and

(6)     didn't seek to re-open the case until months after dismissal.

Chenault, somewhat remarkably, also concluded that opposing counsel is apparently to blame for how things turned out. It's quite difficult to understand or tolerate that conclusion.

* * *

## Factual and Procedural Background

Ibieta initiated this action on March 18, 2019, by filing a Petition in state court. It concerned Allstate's alleged refusal to pay Ibieta's underinsured-motorist-benefits claim. She sought over $1 million in damages and asserted a variety of causes of action ranging from breach of contract to fraud. Ibieta's Petition, as mentioned, listed attorneys Henry and Chenault of The Law Office of Thomas J. Henry. *See* Dkt. No. 1-3. The Petition provides Chenault's email address, cchenault-svc@thomasjhenrylaw.com, and notes, "**service by this email only**" below that address in the signature block. Dkt. No. 1-3 (emphasis in original). The signature block looks like this:

**RESPECTFULLY SUBMITTED,**

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By: _____
Thomas J. Henry
State Bar No. 09484210
Christopher M. Chenault
State Bar No. 24097494
*Email: cchenault-svc@thomasjhenrylaw.com
* service by this email only

**ATTORNEYS FOR PLAINTIFF**

*Id*. As this image shows, both Henry and Chenault are the "**ATTORNEYS**"—plural—for Ibieta working on the case at the law firm.

Allstate removed the case to federal court on April 15, 2019. *See* Dkt. No. 1. According to the Certificate of Service for the Notice of Removal, and in accordance with Federal Rule of Civil Procedure 5 and Chenault's indicated preference for service via his email address only,

Allstate served a copy of the Notice of Removal on Ibieta though an email to Chenault's service email address (cchenault-svc@thomasjhenrylaw.com), and Allstate also sent a copy to that same email address via e-service in the state court proceeding. *See* Dkt. No. 1 at 4 (certificate of service for notice of removal). This comports with Rule 5, and Chenault doesn't disagree, because Chenault had agreed to receive service via this email address. (He also concedes that he received notice of the removal via the Court's CM/ECF system).

At the time of removal, Chenault wasn't admitted to practice in the United States District Court for the Western District of Texas, although he had previously appeared *pro hac vice* in another matter and had registered in connection with that matter to receive notifications via the Court's CM/ECF system for filings in that case.[1] It is perhaps that prior registration that permitted him to receive notice of the removal here via CM/ECF. Typically, an attorney who has appeared *pro hac vice* in one case will not be eligible to receive CM/ECF notices in another case unless and until the attorney registers in the second case. Regardless, Ibieta's Reply brief in support of the sanctions motion acknowledges that "Mr. Chenault received the notice of removal by CM/ECF." Dkt. No. 21 at 3. Accordingly, in an April 15, 2019, letter sent to the law firm's mailing address listed on Ibieta's state court Petition, the Clerk advised Chenault that he must either apply for admission to practice in this District or obtain permission to proceed *pro hac vice* in this case. *See* Dkt. No. 2. According to Chenault, he never received a copy of this letter and therefore never sought admission or *pro hac vice* status. He also didn't check the case's docket for nearly seven months.

---

[1] *See Rodriguez v. Target*, No. 5-18-cv-234-JKP (W.D. Tex. filed Mar. 12, 2018). Chenault has also appeared in another case, *See Lewis v. City of San Antonio*, No. 6-16-cv-1014-RCL (W.D. Tex. filed Oct. 12, 2016), apparently without requesting or receiving *pro hac vice* admission.

On April 22, 2019, Allstate moved to dismiss Ibieta's claims for failure to comply with Rules 8(a) and 9(b). *See* Dkt. No. 6. According to the Certificate of Service, Allstate served a copy of the motion on counsel for Ibieta via the Court's CM/ECF system. But because Chenault wasn't admitted to practice in this District and hadn't received (let alone requested) permission to appear *pro hac vice* in this case, he didn't receive electronic notice of the motion. The record, however, reflects via CM/ECF receipts accessible to the Court on the electronic docket that Thomas J. Henry—who is admitted to practice in this District, registered with CM/ECF, and listed on the Petition as Ibieta's counsel at the same firm as Chenault—received notice of the filing at the email address tjhenry@thomasjhenrylaw.com. The Law Office of Thomas J. Henry, in other words, received notice via an e-mail to registered CM/ECF user Henry's email address. Ibieta never responded to Allstate's motion.

On June 10, 2019, the District Court granted Allstate's motion to dismiss. *See* Dkt. No. 6. In doing so, the District Court evaluated the sufficiency of Ibieta's pleadings, noting that "it is not proper for this Court to grant a motion to dismiss solely based on a party's failure to respond." *Id.* at 1 & n.1. Further, the District Court permitted Ibieta an opportunity to cure the pleading deficiencies by filing an amended complaint within 14 days. The District Court, however, warned Ibieta "[i]f no amended complaint is filed, this case will be dismissed with prejudice." *Id.* at 6. Ibieta never filed an amended complaint. Accordingly, on July 25, 2019, the District Court dismissed the case with prejudice pursuant to Rule 41(b) for want of prosecution or failure to comply with its June 10 Order.

On November 14, 2019—112 days after the dismissal order—Ibieta moved for relief from judgment pursuant to Rule 60(b)(1), claiming she never received notice of Allstate's Motion to Dismiss or the District Court's June 10 Order because Chenault wasn't admitted to

practice in this District and never sought admission due to having never received the Clerk's April 15 correspondence. *See* Dkt. No. 10-11. Ibieta argues that had Allstate served its motion on Chenault via email (not CM/ECF) as had been done with the Notice of Removal, Chenault would have timely responded to Allstate's motion. Instead, it wasn't until Chenault attempted to file his *pro hac vice* application on November 13, 2019[2] that Ibieta apparently learned of the dismissal. Dkt. No. 11 at 2.

Then, on April 21, 2020, Ibieta moved for sanctions against Defendant Allstate Fire and Casualty Insurance Company and its counsel Robert E. Valdez. *See* Dkt. No. 18. According to Ibieta's motion, Allstate failed to serve Chenault in a manner other than CM/ECF despite knowing that Chenault wasn't admitted to practice in the Western District of Texas and therefore wouldn't receive notice of its motion or any ensuing court orders. Ibieta also contends that Valdez and Allstate "falsely certified that documents were served to Plaintiff's designated service email when they in fact were not." *Id.* at 2. Ibieta states that "[h]ad counsel properly served its filings pursuant to its certification to the Court," she "would have been alerted to the fact that a dispositive motion had been filed and would have responded accordingly." *Id.* at 3.

Ibieta requests that the Court grant her Motion for Relief from Judgment, vacate the order granting Allstate's motion to dismiss and reinstate the case, and impose monetary sanctions in the form of costs and attorneys' fees against Valdez and Allstate for the expense in preparing and filing the sanctions motion, as well as the Motion for Relief from Judgment. *See id.* at 3-4.

The District Court referred this matter for a report and recommendation. *See* Dkt. No. 19.

---

[2] The District Court denied Chenault's *pro hac vice* application because Chenault had already been warned in a prior case that any future appearances in this District would require Court admission. *See* Dkt. No. 14. Nevertheless, Chenault didn't seek admission to this District until over a month after this denial of *pro hac* status. *See* Dkt. No. 16.

**Analysis**

A.      *Ibieta's Rule 60(b)(1) Motion Should Be Denied*. Ibieta fails to establish that the District Court should reconsider its Dismissal Order of July 25, 2019. There's no mistake or excusable neglect that could justify reconsideration of the District Court's Order, notwithstanding Chenault's attempts to blame opposing counsel for how things turned out for the law firm's client. *See* Fed. R. Civ. P. 60(b)(1).

Several key facts are not in dispute, and they lead inexorably to the conclusion that Ibieta's Rule 60(b)(1) motion doesn't warrant relief. First, Thomas J. Henry is plainly listed as counsel for Ibieta, along with Chenault, on the state court Petition. They're both listed as, "**ATTORNEYS FOR PLAINTIFF**." As far as anybody reading that Petition would know, Ibieta had two lawyers at The Law Office of Thomas J. Henry representing her in this matter when she filed suit: Chenault *and* Henry. Ibieta's Rule 60 motion falsely asserts that her Petition merely references The Law Office of Thomas J. Henry, and that Henry (the individual) never filed a notice of appearance in this case or signed any pleadings. The second and third of those assertions are irrelevant because the first, as mentioned, is *verifiably false*. The Petition lists both Chenault and Henry individually, along with their respective individual Texas bar numbers, as *attorneys* (plural) for Ibieta. When a lawyer's name appears in the signature block of a filing along with his bar number, that lawyer is representing that he or she is counsel for the submitting party.

Second, Henry, as counsel for Ibieta at The Law Office of Thomas J. Henry, was properly sent copies on Ibieta's behalf of all Court filings via CM/ECF—regardless of whether Chenault received them—because Henry is a registered user of the CM/ECF system. Indeed, Henry's name and email address are included in what looks like every CM/ECF receipt on the

docket, except the first one for the notice of removal. Henry is still to this day listed on the docket as counsel for Ibieta. And every registered filer in this District—by definition—has consented to service via CM/ECF. *See* Local Rule CV-5(b)(1) (incorporating by reference Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases § 6(c)). Notice to Ibieta via CM/ECF of Allstate's motion to dismiss and the District Court's orders was therefore effective when emailed to Henry, one of her counsel at the law firm representing her. *See* Fed. R. Civ. P. 5(b)(2)(E).

Third, and perhaps most important of all for purposes of the Rule 60(b)(1) motion, Chenault concedes that he received Allstate's Notice of Removal on April 15, 2019. *See* Dkt. No. 11 at 2. Even assuming Chenault didn't receive the clerk's correspondence directing him to seek admission and register on CM/ECF, he surely knew how to request *pro hac vice* status, having recently done so in another removed case.[3] He also knew this case had been removed, and he ought to have known that he was responsible for all matters appearing on the docket whether he received notice of them or not. And where was Henry and what was he doing? He was regularly receiving notices via CM/ECF, and he has never withdrawn from this case. That Chenault has somehow convinced himself, and believes he can convince the Court, that his and Henry's failure to monitor the docket for approximately seven months is attributable to opposing counsel is remarkable, to put it mildly.

Fourth, and almost as important, Chenault and Henry waited—as already mentioned—for months and months after receiving notice of the removal before either checked on the case's status. To spell it out, the Fifth Circuit has made it quite clear that every counsel is responsible for "routinely check[ing] the docket for activity, regardless of whether he received electronic

---

[3] *See Rodriguez v. Target*, No. 5-18-cv-234-JKP (W.D. Tex. filed Mar. 12, 2018).

notices about updates." *Walker v. Transfrontera CV de SA*, 634 Fed. App'x 422, 426 (5th Cir. Dec. 18, 2015) (quotations omitted); *see also In re Kollinger*, 551 F. App'x 104, 107 (5th Cir. Dec. 31, 2013) (court precedent levies on parties "a duty of diligence to inquire about the status of a case"). A prudent lawyer surely would have checked the status of this case beginning soon after its removal. *See Kollinger*, 551 F. App'x at 108 (noting that "no excuse justifies failing to file a brief for ten months"). Thus, there's scant excuse for Chenault's and Henry's failures to review the docket. *See, e.g.*, *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985).

Given Ibieta's delay in seeking Rule 60 relief, the flimsy reasons given for the delay, the undue prejudice that granting the Rule 60(b)(1) motion would visit upon Allstate at this late date in this closed case, and Chenault's scurrilous accusations that the blame lies with opposing counsel, reconsideration is inappropriate on this record.[4] In fact, the Fifth Circuit has noted that it is an abuse of discretion to "to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).

Having failed to make out a sufficient showing of unusual or "unique circumstances," as is required to prevail under Rule 60(b)(1), *id.*, Ibieta in her Motion for Sanctions argues that opposing counsel's fraud justifies the extraordinary relief requested (along with monetary sanctions), *see* Fed. R. Civ. P. 60(b)(3). According to Ibieta, Allstate became aware that Chenault wasn't admitted to practice in this District (and hence that he wouldn't receive notice of any Court filings) when Allstate received a copy of the Clerk's letter of April 15, 2019, advising Chenault of that fact. Despite this knowledge, says Ibieta, Allstate made no attempt to

---

[4] *See Johnson v. Potter*, 364 F. App'x 159, 164 (5th Cir. 2010) (discussing the standard when determining whether there has been excusable neglect).

serve Chenault in another manner. *See* Dkt. 18 at 2. Ibieta further accuses Allstate and its counsel of engaging in unethical behavior by falsely certifying that it served certain documents on Ibieta's "designated service email" in an alleged deliberate effort to mislead the Court and obtain a technical dismissal. *Id.*

These new arguments lodged in Ibieta's Motion for Sanctions cannot save her Rule 60(b) motion. There's no basis in the record to conclude that Allstate believed Chenault failed to timely seek admission to this District or otherwise knew Ibieta wasn't receiving any notice of Allstate's filings. To the contrary, Allstate's certificates of service reflect a belief that Chenault—like his co-counsel Henry—was receiving electronic notices via CM/ECF. More to the point, because Henry is a registered user admitted to practice in the Western District, it's unclear why either Allstate or its counsel was obligated to inquire separately into Chenault's status and ultimately undertake to serve documents on him in a special manner. Ibieta was receiving the filings because Henry was receiving them.

Further, by attributing improper motives to counsel for Allstate without good cause and repeatedly overstating (if not outright misstating) easily verifiable facts, Chenault (the signatory for the Motion for Sanctions) himself walks near or under the shadow of unethical and sanctionable conduct. *See* Fed. R. Civ. P. 11(b); Appendix M to Tex. Local Rules (incorporating by Reference Texas Lawyer's Creed). If further filings are forthcoming in this case, all counsel would be well-advised to keep Federal Rule of Civil Procedure 11 in mind.

To sum up, Ibieta has failed to carry the heavy burden of demonstrating that the District Court's June 10 and July 25 Orders were procured by fraud and that Rule 60(b)(3) relief is merited. *See Wilson v. Thompson*, 638 F.2d 801, 804 (5th Cir. 1981) (discussing the standard when evaluating a Rule 60(b)(3) motion).

It also bears mentioning that nowhere in her Rule 60(b) Motion or Motion for Sanctions does Ibieta seek leave to cure the pleading deficiencies addressed in the District Court's June 10 Order or even explain how she would do so (*e.g.*, by attaching a proposed amended complaint). Re-opening the case, it seems, would be pointless. Although Ibieta correctly notes that a narrower scope of discretion typically applies when a Rule 41 dismissal is with prejudice, the District Court could have dismissed Ibieta's claims with prejudice on the merits in its June 10, 2019 Order. Accordingly, there are no grounds to vacate the judgment here and reinstate this closed case.

B.     *Sanctions Aren't Recommended at This Time*. To start, Ibieta's Motion for Sanctions is baseless, for all the reasons just discussed, and it should be denied. Of perhaps equal or even greater concern than the baseless nature of Ibieta's sanctions motion is the thought process that motivated its filing.

Perhaps unsurprisingly, in response to Ibieta's Motion for Sanctions, Allstate requests that the Court exercise its inherent authority and sanction Chenault for (1) failing to timely seek admission to practice law in this District and register for electronic filing; (2) fraudulently asserting Ibieta wasn't provided notice of pleadings in this matter despite evidence that Ibieta's other attorney of record was served; and (3) increasing the costs of litigation by lodging a frivolous motion for sanctions unsupported by facts or law. But Allstate's request embedded in a response is not a motion, so Allstate's suggestion of sanctions is just that, a suggestion and nothing more.

### Conclusion and Recommendation

For the reasons discussed above, I recommend that Ibieta's motions, Dkt. Nos. 10 & 18, be **DENIED**. Counsel for Ibieta are **ORDERED** to provide, within **30 days** from the date of this

Report and Recommendation, a copy of this Report and Recommendation to their client and to verify that fact with the Court via an advisory filed on the docket within that same deadline.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 16th day of June, 2020.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE